## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. M. Allen
County Auditor
Hunt County
Greenville, Texas

Dear Sir:

Opinion No. O-2345
Re: Whether Hunt County is
liable to the constable
for certain mileage fees
in a particular fact
situation.

Your letter of May 14, 1940, contains the following paragraphs requesting an opinion of this department:

"The claim: A negro broke into a building located in Hunt County. The owner of the building notified the constable and the constable made investigation of the burglary. Upon investigation the constable was able to identify the party who committed the offense, therefore reported same with evidence to the grand jury. The grand jury indicted the man for burglary and requested the District clerk to issue warrant for arrest, which was issued by the clerk and delivered to the sheriff, the warrant being issued to and delivered to the sheriff.

"Before the arrest was made the constable found or secured the address of the man under indictment who at this time was in Anson, Jones County Texas. The constable of Hunt County calls a constable at Anson in Jones county and has him arrest the accused man for him. The Hunt County constable then goes to the sheriff and asks for the warrant, secures same and drives his personal car to Anson, brings the man back to Hunt County and places him in jail, and files a claim against Hunt County for 28¢ per mile for 256 miles.

Honorable J. M. Allen, page 2

"The sheriff of Hunt County is on salary basis.

"The constable of Hunt County is on fee basis. Is Hunt County liable to the constable for the amount of fees in this case as outlined above?"

Article 441, Vernon'sCode of Criminal Procedure, provides:

"'A copias' is a writ issued by the court or clerk, and directed 'to any sheriff of the State of Texas,' commanding him to arrest a person accused of an offense and bring him before that court forthwith, or on a day or at a time stated in the writ."

Article 443, Vernon's Code of Criminal Procedure, provides:

"A capias shall be immediately issued by The District Clerk upon each indictment for felony presented, and shall be delivered by the clerk or mailed to the sheriff of the county where the sheriff resides or is to be found."

Article 453, Vernon's Code of Criminal Procedure, provides:

"A capias may be executed by any constable or peace officer. In felony cases, the defendant must be delivered forthwith to the sheriff of the county where the arrest is made, together with the writ under which he was taken."

We note that you state in your request a "warrant" was issued. Under the statutes, after indictment is returned in felony cases, the proper writ to be issued by the clerk is a "capias". As such writs are commonly referred to as warrants, we must presume under the facts submitted that the proper process was issued.

According to the 1930 Federal Census, Hunt County has a population of 49,016 inhabitants or in excess of 40,000, consequently Article 1029, Vernon's Code of Criminal

Honorable J. M. Allen, page 3

Procedure, is applicable as to mileage fees payable in such cases with the fees specified therein controlled by the following sections:

"1. For executing each warrant or arrest or capias, * * * and in all cases five cents per mile for each mile actually and necessarily traveled in going to the place of arrest; and for conveying each prisoner to jail; he shall receive the mileage provided in subdivision 4.

* * * *.

* * * *.

"4. For removing or conveying prisoners, for each mile going and coming, including guards and all other necessary expenses, when travelling by railroad, ten cents. When traveling otherwise than by railroad, fourteen cents; * * *"

Under the construction placed upon the foregoing mileage provisions of Article 1029, supra, and previously followed by this department, the officer is allowed five cents per mile going and a total of twenty-eight cents per mile returning (fourteen cents for the constable and fourteen cents for the prisoner) for each mile actually and necessarily traveled.

We call your attention to the provisions of Article 3912e, Vernon's Civil Statutes, which reads, in part, as follows:

"Section 17. (a) * * *. In all counties in this State such precinct officers shall continue to be compensated for their services on a fee basis until the Commissioners' Court shall have determined otherwise in accordance with the provisions of Section 2 of this Act. * * *.

"In counties wherein the county officers named in this Act are compensated on the basis of an annual salary, the State of Texas shall not be charged with and shall not pay any fee or commission to any precinct officer for any services by him performed, but said officer shall be paid by the county out of the Officers Salary Fund such fees and commissions as would

Honorable J. M. Allen, page 4

> otherwise be paid him by the State for such
> services." (underscoring ours)

It is therefore, the opinion of this department that under the facts presented in your request, Hunt County, with a population in excess of 40,000 inhabitants and its precinct officers compensated for their services on an annual fee basis, is liable to the constable for the mileage fees representing the miles actually and necessarily travelled in going to the place of arrest at the rate of five cents per mile and in returning with his prisoner at the rate of twenty-eight cents per mile. Such fees are payable from the Officers Salary Fund of the county.

                              Yours very truly

                         ATTORNEY GENERAL OF TEXAS

                    By        Wm. J. R. King
                                    Assistant

Wm.JRK:rs

APPROVED MAY 27, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN